
**BRYAN R. WHITTAKER**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: bryan.whittaker@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. CAROLINE DEE BIGHAIR, Defendant. | CR 14-59-BLG-SPW <br><br> **OFFER OF PROOF** |
|---|---|

### THE CHARGE

The defendant, CAROLINE DEE BIGHAIR, is charged in the superseding information with Social Security Fraud in violation of 42 U.S.C. § 1383a(a)(3).

### PLEA AGREEMENT

Pursuant to a plea agreement, the defendant will plead guilty to the

1

superseding information and the government agrees to dismiss the indictment at the time of sentencing and not to file any additional charges.

The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant to be found guilty of Social Security fraud as charged in the superseding information, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant had knowledge of an event affecting the right to receive or to continue to receive payments;
>
> Second, the defendant knowingly concealed or failed to disclose this event to the Social Security Administration;
>
> Third, the defendant acted with the intent to fraudulently secure payment of social security income benefits in an amount greater than was due or when no payment to her was authorized.

## PENALTY

The defendant understands that the charge she will plead guilty to carries a punishment of a maximum of five years imprisonment, $250,000 fine, three years supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

1. Beginning in or about October 2006, and continuing until in or around May 2010, on the Crow Reservation, in the State and District of Montana, the defendant, CAROLINE DEE BIGHAIR, in a matter within the jurisdiction of Social Security Administration ("SSA"), having knowledge of the occurrence of an event affecting her initial and continued right to receive payment of Social Security SSI payments, concealed and failed to disclose such event with the intent to fraudulently secure payment in a greater amount than was authorized, in that she intentionally failed to disclose her husband's income and that he was living in the household in order to continue to receive SSI benefits payments, in violation of 42 U.S.C. § 1383a(a)(3).

2. More specifically, on September 26, 2006, Caroline Bighair applied for Supplemental Security Income ("SSI") on behalf of her son, LB, in Billings, Montana. Bighair also applied to be her son's representative payee for his SSI benefits. Social Security Technical Expert Hillary Howard took Bighair's applications. During the application, Ms. Howard told Bighair of her legal obligations to report events affecting eligibility to SSI benefits. The SSA provided Bighair with a copy of her application, which detailed her legal

obligations. Bighair concealed her husband, Lawrence Bighair's (hereinafter L. Bighair), presence in the household and his income from the SSA.

3. On April 3, 2007, the SSA sent Bighair a "Notice of Award" letter, awarding her son SSI benefits. The letter detailed her legal obligations to report events affecting her son's eligibility to SSI benefits. The SSA included two SSA pamphlets with the letter, "What you need to know when you get SSI" and "A guide for representative payees." These pamphlets detailed Bighair's legal obligations to report events affecting her son's eligibility to SSI benefits.

4. On May 18, 2009, SSA Claims Representative Velvet Hein conducted a SSI redetermination with Bighair. Bighair again concealed her husband, L. Bighair's, presence in the household and his income from the SSA during the redetermination. During the interview, Ms. Hein advised Bighair of her legal obligations to report events affecting her eligibility to SSI. In addition, Ms. Hein provided Bighair with a copy of the redetermination, which detailed Bighair's legal obligations.

5. On July 1, 2010, L. Bighair applied to be designated as his son's representative payee. Ms. Hein took his application. During the application, L. Bighair told Ms. Hein that he had been in the household since the birth of his son. L. Bighair applied to be LB's payee because Bighair had left the household and he had custody of LB. Ms. Hein documented the contact.

6.     On January 20, 2013, FBI SA Justin Telford and SSA SA Jacques Hansen interviewed Bighair at her residence. Bighair initially denied that she had been living with L. Bighair. She claimed her former spouse was using his position as Bighorn County Sheriff to get back at her. Bighair acknowledged that L. Bighair obtained custody of their son, LB, in the spring of 2010. Bighair stated that she understood her legal obligations regarding SSI benefits. Bighair acknowledged that she lied to the SSA regarding L. Bighair's presence in the household. Bighair admitted that she lived with L. Bighair since her son's birth in September 2006 until the spring of 2010. She stated that she concealed L. Bighair's presence in the household because she did not want to lose the SSI payments. She said she knew if she told the truth, the SSI payments would stop.

7.     Bighair said she had a turbulent relationship with L. Bighair and he would move out for brief periods, but always returned home. She provided a written sworn statement, stating that she lived with L. Bighair from September 2006 to May 2010. She also admitted that she knew she was required to report L. Bighair in the household. She said she used the SSI money for her bills and her son.

8.     A representative of the SSA would testify that the presence of L. Bighair in the home, and his income as Bighorn County Sheriff, both were events that were required to be reported because these events affected the right to receive

or to continue to receive SSI payments.   Indeed, Bighair obtained more than $23,000 in SSI benefits to which she was not entitled.

The United States submits that the evidence would prove beyond a reasonable doubt all the elements of the crime charged.

DATED this 13th day of February, 2015.

                    MICHAEL W. COTTER
                    United States Attorney

                    /s/ *Bryan R. Whittaker*
                    Assistant United States Attorney
                    Attorney for Plaintiff